**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0539-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MANUEL P. RODRIGUEZ, a/k/a
MANUEL RODRIGUEZ,

    Defendant-Appellant.

_____

Submitted May 7, 2025 – Decided June 2, 2025

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 14-07-1796 and 15-01-0074.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Manuel P. Rodriguez appeals from a June 22, 2023 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

We incorporate by reference the facts and procedural history set forth in our prior unpublished opinion affirming defendant's convictions and sentence. State v. Rodriguez, No. A-3820-17 (App. Div. Dec. 30, 2019) (slip op. at 2-6). In November 2013, the victim, Tanya Quiles, was shot after two males approached her on the way home to her apartment in Newark. Id. at 5. As she was walking across the street, Quiles saw defendant take out a gun and fire more than twenty shots at her as she ran away. Ibid. Quiles sustained life-threatening wounds and was unable to speak for a month. Id. at 6.

While in the hospital, Quiles indicated to police, in writing, one of the men who approached her was her friend Jenssy Rodriguez, whom she knew as "Jay." Ibid. She indicated the man who shot her was Jenssy's[1] brother, whom she knew by his street name, "Pito." Id. at 5. Police showed Quiles a single photo of Jenssy and she positively identified him as "Jay." Id. at 6. Quiles positively identified defendant as the shooter. Ibid. As the PCR judge noted in

_____

[1] Because defendant and his brother share the same surname, we refer to defendant's brother by his first name, Jenssy, to avoid confusion. In doing so, we intend no disrespect.

her ensuing written decision, a detective assigned to the case showed Quiles the photo array including defendant's photo.

Defendant and Jenssy were tried together in 2016. At trial, Quiles testified and identified defendant as her assailant. Defendant did not testify or present any evidence on his behalf.

Defendant was convicted of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1), second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a), and second-degree possession of a handgun, N.J.S.A. 2C:39-5(b).[2] Rodriguez, slip op. at 2. Defendant later pled guilty to second-degree certain persons to not possess a handgun, N.J.S.A. 2C:39-7(a), charged under a separate indictment. After ordering appropriate mergers, the trial judge sentenced defendant to an aggregate prison term of eighteen years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the attempted murder conviction. Defendant's convictions and sentence were upheld on direct appeal. Rodriguez, slip op. at 6.

Defendant thereafter filed a timely PCR petition, alleging ineffective assistance of trial counsel. Defendant asserted his attorney failed to: consult

---

[2] Jenssy was acquitted on all counts.

A-0539-23

and communicate with him about his case; present alibi witnesses; and litigate a motion contesting the administration of the photo array to Quiles. He also alleged trial counsel pressured him to plead guilty to the certain persons charge. Following argument, Judge Marysol Rosero, who presided over defendant's trial, granted an evidentiary hearing on all claims.

A two-day evidentiary hearing was held on August 31, 2022 and April 5, 2023 before Judge Rosero. The State presented the testimony of trial counsel. Defendant testified and presented the testimony of several alibi witnesses – his two sisters and three cousins. His relatives testified defendant was present at a family party in West Orange on the date of the shooting. They all explained the party began in the afternoon and continued until past midnight. The shooting occurred around 10:00 p.m. that evening.

Defendant testified he told trial counsel he had an alibi, but counsel "never looked into it." Defendant stated he provided photos from the party and names and contact information for the alibi witnesses two months before trial, but his attorney said "it was too late in the game" to interview the witnesses. Defendant also explained he asked trial counsel to file a Wade/Henderson[3] motion

_____

[3] United States v. Wade, 388 U.S. 218 (1967); State v. Henderson, 208 N.J. 208 (2011).

A-0539-23

contesting the "suggestive" administration of the photo array that led to Quiles's identification of him. Defendant testified trial counsel informed him the motion was "frivolous."

Trial counsel testified, had defendant provided alibi witnesses, he "absolutely" would have presented them at trial. However, defendant told trial counsel he was present at the scene of the shooting. Therefore, trial counsel stated presenting an alibi defense "would have . . . subo[rned] perjury."

Trial counsel further testified he made "a strategic decision" not to file a Wade motion because Quiles was familiar with defendant and Jenssy, and she easily identified them. He reasoned there was no legal basis for the motion. He added litigating the motion could have buttressed Quiles's identification of defendant if she testified at a Wade hearing.

Following argument, Judge Rosero issued a cogent, forty-seven-page written decision denying defendant's petition. The judge squarely addressed the issues raised in view of the governing law. The judge found defendant failed to establish trial counsel was ineffective for failing to present the testimony of the proposed alibi witnesses. Crediting trial counsel's testimony defendant did not disclose alibi witnesses to him prior to trial, the judge elaborated:

> While the testimony of the witnesses during the
> PCR hearing showed [defendant] was clearly at the

party at some point in time, the witnesses were not able to credibly establish that he was at the party the entire time. [Trial counsel] testified [defendant] told . . . him that he was indeed at the scene of the crime when the shooting occurred. Based on that disclosure, [trial counsel] recognized he was "duty bound by the rules of professional conduct" not to put [defendant]'s family members on the stand to lie about his whereabouts during the time of the crime, because to do so would have been suborning perjury. Additionally, the State's proofs showed defendant was present at the scene at the time of the shooting and was the person who shot the victim.

Overall, Judge Rosero found the evidence presented at trial, placing defendant at the scene as the shooter, was "much stronger evidence" than the semi-credible and inconsistent testimony of the witnesses at the hearing.

As to the Wade motion, Judge Rosero determined trial counsel's decision to refrain from litigating the motion was strategic and, as such, did not give rise to ineffective assistance. The judge found "the victim made confirmatory identifications" of defendant and Jenssy, whom she knew, thus the photo administration was not "inherently suggestive" warranting a Wade hearing. The judge further determined the outcome of defendant's trial would not have been different had counsel filed the motion. Agreeing with trial counsel's testimony,

6

the judge was persuaded Quiles could have made another identification of defendant at a <u>Wade</u> hearing, buttressing her previous identification.[4]

Defendant now appeals, raising the following points for our consideration:

<u>POINT I</u>

DEFENDANT ESTABLISHED, BY A PREPONDERANCE OF THE EVIDENCE THAT HIS TRIAL COUNSEL'S PERFORMANCE WAS DEFICIENT, AND THAT HE WAS PREJUDICED BY [TRIAL] COUNSEL'S ERRORS.

    A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AND PETITIONS FOR [PCR].

    B. TRIAL COUNSEL PROVIDED DEFENDANT WITH INEFFECTIVE ASSISTANCE BY FAILING TO ADEQUATELY INVESTIGATE THE CASE BY INTERVIEWING AND PRESENTING ALIBI WITNESSES.

    C. TRIAL COUNSEL PROVIDED DEFENDANT WITH INEFFECTIVE ASSISTANCE BY FAILING TO LITIGATE THE <u>WADE</u> MOTION THAT DEFENDANT HAD ASKED COUNSEL TO FILE.

---

[4]  Although not challenged on appeal, the judge also found trial counsel was diligent in his representation and defendant did not meet his burden of proving counsel pressured him into pleading guilty to the certain persons charge. An issue not briefed is deemed waived. <u>See</u> <u>Gormley v. Wood-El</u>, 218 N.J. 72, 95 n.8 (2014); <u>see also</u> Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 5 on <u>R.</u> 2:6-2 (2025).

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013); see also State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) ("If a court has conducted an evidentiary hearing on a petition for PCR, we necessarily defer to the trial court's factual findings."). Where an evidentiary hearing has been held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting Nash, 212 N.J. at 540). We review any legal conclusions of the trial court de novo. Nash, 212 N.J. at 540-41.

In seeking post-conviction relief, a defendant must prove counsel was ineffective by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). Initially, a defendant must prove counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Secondly, a defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Thus, a defendant must establish that counsel's performance was deficient and the defendant suffered prejudice in order to obtain a reversal of the challenged conviction. Id. at 687; Fritz, 105 N.J. at 52.

We have considered defendant's contentions in view of the governing law and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons articulated in Judge Rosero's well-reasoned decision. The judge's sound assessment of the weight and credibility of the evidence commands our deference. See State v. Robinson, 200 N.J. 1, 15 (2009). We therefore discern no reason to disturb the judge's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0539-23